No. 30,770.

H. O. Ashley and The Grand Lodge Degree of Honor of Kansas, *Appellees*, v. The Central States Fire Insurance Company of Wichita, *Appellant*.

(16 P. 2d 497.)

Opinion filed December 10, 1932.

*Arnold C. Todd, James G. Norton, Carl O. Bauman, Julian E. Ralston,* all of Wichita, and *S. C. Holmes,* of Yates Center, for the appellant.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action on a fire-insurance policy. The trial court made findings of fact and rendered judgment for plaintiffs. Defendant has appealed.

The material facts may be stated as follows: The Guaranty Title and Trust Company of Wichita owned an improved farm in Woodson county. In July, 1929, it made application and received from defendant an insurance policy on the improvements above mentioned, $2,000 insurance being on the barn. The Guaranty Title and Trust Company contracted to sell the property to H. O. Ashley and L. R. Wallace, who made payments on the contract until June, 1930. Ashley paid Wallace the money he had advanced on the contract and paid the Guaranty Title and Trust Company the balance due it, and received a general warranty deed for the property, and the insurance policy was duly assigned to him. To complete the payment for the land Ashley borrowed $3,000 from the Grand Lodge, Degree of Honor, and executed to it a mortgage for that sum upon the property, and an appropriate mortgage clause was attached to the policy. On July 5, 1930, Wallace and Ashley executed an agreement as between themselves, which recites:

"Whereas, said parties having had a contract with A. M. Mills (representative of the Guaranty Title and Trust Company) for the purchase of (the land as described), and the interest of L. R. Wallace in said contract having been transferred to H. O. Ashley, it is agreed that L. R. Wallace is to have one-half of the profits from the sale of said properties after an equitable adjustment of all expenses. It being agreed that said Ashley is to have full title and control of said property."

On September 14, 1930, the barn was totally destroyed by fire. Ashley, in making his proof of loss to defendant, among other things stated:

"The property described in said policy belonged at the time of the loss herein mentioned to H. O. Ashley, and no one else has any interest in said land or buildings superior to my rights, except a mortgage of $3,000 to the Grand Lodge, Degree of Honor of Kansas, and an agreement with L. R. Wallace for the payment to him of one-half of the profits that I might make out of said land, but he has no interest in the title to said land."

The insurance company declined to pay the loss, hence this lawsuit. The policy contained the provision, among others:

"If the interest of the assured be other than unconditional, unencumbered and sole ownership . . . this entire policy shall be null and void, unless otherwise provided by agreement indorsed hereon."

At the trial the sole issue involved was whether the plaintiff, H. O. Ashley, was the sole and unconditional owner of the real estate described. The trial court found he was such sole owner, and further found that all money which Wallace had paid for the purchase price of the land had been repaid by Ashley; that Ashley had full title to the property, not only by reason of the warranty deed to him, but that the agreement with Wallace by which he was to have an interest in the profits specifically provided that Ashley was to have full title to the property. Wallace is a real-estate dealer at Yates Center. He and Ashley had had other business transactions. The agreement between them with respect to this land pertained only to possible profits that might be made. The court found that Ashley was at liberty to sell and convey the property to anyone he chose, and at a price and on terms which he himself might determine.

Turning now to the questions argued in this court. The plaintiff Ashley, called as a witness, testified to having purchased the property and to receiving a warranty deed for it, and was then asked if anyone had any right or title in or to the land except himself. Over defendant's objection that it called for an opinion and conclusion of

the witness, he answered in the negative. We see no serious objection to the question, although it is true that the issue had to be determined upon all of the evidence rather than by plaintiff's statement alone.

It is next contended Ashley's direct testimony that no one had any title or interest in the property at the time of the fire but himself was negatived by his statement under cross-examination that he and Wallace had really made the purchase under a contract, and after he had paid Wallace and taken the full title of the property he made the agreement by which Wallace was to have one-half of the profits from the sale of the property, and it is contended that by reason thereof the court should have sustained a demurrer to plaintiff's evidence. We do not regard the testimony on cross-examination as being so contradictory to that given on direct examination as to nullify it and to have authorized or required the court to sustain a demurrer to the evidence. It is argued that the facts found by the court are contrary to the undisputed evidence and not supported by any evidence. We have examined the record on this point and find the contention to be without merit.

Defendant in its answer conceded it was liable to the mortgagee, made a tender of the amount due under the policy to the mortgagee, and asked that it be subrogated to the rights of the mortgagee as against Ashley. In this court it contends that by reason of that no judgment should have been rendered in favor of the mortgagee. It argues that its contention is that the policy was void as to Ashley and therefore upon payment of the amount to the mortgagee it was entitled to subrogation to the rights of the mortgagee as against Ashley. The point becomes unimportant when it is held, as we do, that the trial court correctly ruled the policy was not void as to Ashley.

We find no error in the record, and the judgment of the court below is affirmed.

HUTCHISON, J., not sitting.